**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**BECKLEY DIVISION**

DAVIDA CARPENTER
and RAY CARPENTER,

                Plaintiffs,

v.                                    CIVIL ACTION NO.  5:06-cv-00160

LOWE'S HOME CENTERS, INC.,

                Defendant.

**MEMORANDUM & OPINION ORDER**

Pending before the Court is Defendant Lowe's Home Centers, Inc.'s ("Lowe's") Motion to Dismiss Plaintiff Davida Carpenter's Loss of Consortium Claim [Docket 22].  For the reasons discussed below, Lowe's motion to dismiss is **GRANTED**.

As a result of personal injuries Plaintiff Davida Carpenter allegedly sustained while employed at Lowe's, she and her husband, Ray Carpenter, filed a complaint against Lowe's pursuant to W. VA. CODE § 23-4-2 and common law negligence for failure to provide a safe work place. Among their claims, Plaintiffs allege loss of consortium based on the injuries she allegedly sustained.

"A Rule 12(b)(6) motion should only be granted if, after accepting all well-pleaded allegations in the plaintiff's complaint as true, it appears certain that the plaintiff cannot prove any set of facts in support of his [or her] claim entitling him [or her] to relief."  *Migdal v. Rowe Price-Fleming Int'l Inc.*, 248 F.3d 321, 325 (4th Cir. 2001).  Under West Virginia law, an injured spouse may not assert a loss of consortium claim against a defendant for injuries he or she sustained.  *Cf.*

*Weaver v. Union Carbide Corp.*, 378 S.E.2d 105, 108 (W. Va. 1989) (stating that the most common case for loss of consortium is "where one spouse is injured in an accident and the other spouse sues for loss of consortium."). Rather, it is the injured spouse's husband or wife who retains the loss of consortium claim against the defendant. *See Shreve v. Faris*, 111 S.E.2d 169, 174 (W. Va. 1959); *Warner v. Hedrick*, 126 S.E.2d 371 (W. Va. 1962) (consortium is "personal to the plaintiff and can accrue to no one else"); *DuPont v. United States*, 980 F. Supp. 192, 196 (S.D. W. Va. 1997) ("Because the loss of consortium action compensates a spouse for loss of his or her individual rights in the marriage relationship, the action is independent of the injured spouse's tort claim.").

Therefore, because Plaintiff Davida does not allege that her husband Ray suffered any physical injury which caused her to lose any of his "services, society, or sexual relations," she cannot prove any set of facts entitling her to relief on her loss of consortium claim. *See Poling v. Motorists Mut. Ins. Co.*, 450 S.E.2d 635, 638 (W. Va. 1994) (citing *Belcher v. Goins*, 400 S.E.2d 830 (W. Va. 1990)). Accordingly, Lowe's Motion to Dismiss Plaintiff Davida Carpenter's Loss of Consortium Claim [Docket 22] is **GRANTED**.

The Court **DIRECTS** the Clerk to send a copy of this Memorandum and Opinion Order to counsel of record and any unrepresented party.

ENTER:        November 22, 2006

THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE

-2-